IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL LEWIS | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| BORAL BUILDING PRODUCTS, INC. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT**

I. **PRELIMINARY STATEMENT**

1. This is an action for an award of damages, declaratory and injunctive relief, reinstatement, attorney's fees, and other relief on behalf of Plaintiff, Daniel Lewis ("Plaintiff"), a former employee of Boral Building Products, Inc. ("Defendant" or "Boral") who has been harmed by Defendant's unlawful employment practices.

2. Plaintiff alleges that in or around June 2020, Defendant, through its agents, servants, and employees, subjected him to discrimination on the basis of his age (64), thereby adversely affecting the terms and conditions of his employment.

3. Plaintiff further alleges that he was not paid at all for the work that he performed at the agreed upon wage and, therefore, did not receive minimum wage for said work.

4. This action is brought under the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 *et seq.*, the Fair Labor Standards Act ("FLSA"), as codified, 29 U.S.C. §§ 201 to 209 and the Pennsylvania Wage Payment and Collection Law 43 Pa C. S. §260.1 ("WPCL").

## II. JURISDICTION AND VENUE

5. The original jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff's claims are substantively based on the ADEA and the FLSA.

6. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367, to consider the Plaintiff's claims arising under the PHRA and the WPCL.

7. All conditions precedent to the institution of this suit have been fulfilled. Specifically, Plaintiff filed timely Charge (Nos. 530-2020-05045) with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff was mailed subsequent notice of his Right to Sue on or about December 28, 2020. This action is filed within ninety (90) days of the Right to Sue.

### III. PARTIES

8. Plaintiff, Daniel Lewis is a male individual, residing in the Commonwealth of Pennsylvania with a place of address located in Elkland, Pa 16920.

9. Defendant Boral Building Products, Inc. is a foreign corporation registered in Pennsylvania as Boral Building Poducts, Inc. (sic.) with a primary place of business located at 112 Industrial Parkway, Elkland, Pa 16920.

10. Boral is part of an international building and construction materials group, with its headquarters in Sydney, Australia. Boral has greater than 12,000 employees and does business across state and international lines.

11. At all times material and relevant hereto, Defendant acted by and through its agents, employees, and/or servants who acted within the scope of their authority, course of employment, and under the direct control of the Defendant.

12. At all times material and relevant hereto, Defendant acted as a "person" and "employer" under the ADEA, the PHRA, the FLSA and the WPCL, and is accordingly subject to the provisions of each said Act.

IV. **STATEMENT OF FACTS**

13. Plaintiff is a male individual age sixty-four years old with significant experience as a machine controls technician in the area of programming.

14. In or around June 2020, Plaintiff was recruited through a headhunter to interview with Boral at their Elkland, PA business location.

15. On or about June 3, 2020, Plaintiff interviewed at Boral. He was informed that they were in the process of moving machines from their Michigan operation to their Elkland plant and that they had a great need of his services due to his on point experience.

16. As a result, Plaintiff started working the following day at Defendant's request.

17. On Thursday June 4, 2020 and Friday June 5, 2020 Plaintiff showed up for work, which was more like an orientation.

18. Plaintiff was informed that he would start work officially the following week and that the maintenance manager, Corey LNU, would input his hours manually until he received his badge. His hourly rate was $28.00 per hour.

19. He then had the weekend off and returned to work for the drug test on Monday June 8, 2020 (which he passed). His work hours were three (3) hours.

20. Plaintiff then worked on Tuesday June 9, 2020 for eight (8) hours and Wednesday June 10, 2020 for eight and one-half hours.

21. Plaintiff had extensive experience and excelled in the work that he performed.

22. On June 10, 2020, Plaintiff contacted the Human Resources Manager to ask about the onboarding process so that he could review the offer letter, procure a badge to enter the building, and review the company benefits.

23. The following day, Plaintiff was informed that the offer letter was ready and that he needed to go on the online portal out of Australia to complete the paperwork.

24. When Plaintiff logged into the portal, he saw the offer letter and began to complete the paperwork.

25. When he got to the point in the process where he entered his date of birth in the background check section, a red banner popped up that said: "we have enough information".

26. He then checked and saw that the offer letter was gone from the system.

27. Three hours later, Plaintiff received a call from Human Resources stating that they would no longer pursue his candidacy.

28. Plaintiff was never paid for the work that he performed at his agreed upon wage and, therefore, did not receive at least minimum wage for his work.

29. Plaintiff's onboarding process was stopped directly after he entered his age into the system.

30. Plaintiff believes, and therefore avers, that he was not hired on the basis of his age.

WHEREFORE, Plaintiff believes and therefore avers that Defendant's actions regarding his hiring and termination from employment were discriminatory in nature, motivated by his age, and thus constitute a violation of the ADEA and the PHRA. Plaintiff further believes and therefore avers that Defendant's conduct in willfully failing to pay him his wages constitutes a violation of the minimum wage provisions of the FLSA and a violation of the state WPCL.

## COUNT I
### *ADEA – Age Discrimination*

31. Plaintiff hereby incorporates by reference the foregoing paragraphs of his Complaint as though fully set forth herein.

32. The actions of Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination on his terms, conditions,

...

and privileges of employment because of his age, constitutes a violation of the ADEA.

33. Defendant rescinded Plaintiff's offer letter and terminated his employment when he input his age into the online system.

34. By acting as aforesaid, Defendant directly discriminated against Plaintiff on the basis of his age.

35. Additionally, upon information and belief, Defendant replaced him with a significantly younger employee.

36. As a direct result of the aforesaid unlawful and willful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff has sustained permanent and irreparable harm.

37. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the ADEA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE, Plaintiff requests this Court to enter judgment as follows:

a. Defendant reinstate Plaintiff in his former employment position;
b. compensate Plaintiff with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;
c. Defendant compensate Plaintiff with an award of back pay;
d. Defendant compensate Plaintiff with an award of front pay, if appropriate;

e. Defendant pay Plaintiff liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable;
f. Defendant pays to Plaintiff pre- and post-judgment interests, costs of suit, and attorney fees as allowed by law; and
g. the Court award other such relief as is deemed just and proper.

## COUNT II
### *PHRA – Age Discrimination*

38. Plaintiff hereby incorporates by reference the foregoing paragraphs of hisComplaint as though fully set forth herein.

39. The actions of Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination on his terms, conditions, and privileges of employment because of his age, constitutes a violation of the PHRA.

40. Defendant rescinded Plaintiff's offer letter and terminated his employment when he input his age into the online system.

41. By acting as aforesaid, Defendant directly discriminated against Plaintiff on the basis of his age.

42. Additionally, upon information and belief, Defendant replaced him with a significantly younger employee.

43. As a direct result of the aforesaid unlawful and willful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff has sustained permanent and irreparable harm.

44. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant in violation of the ADEA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE, Plaintiff requests this Court to enter judgment as follows:

a. Defendant reinstate Plaintiff in his former employment position;

b. compensate Plaintiff with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

c. Defendant compensate Plaintiff with an award of back pay;

d. Defendant compensate Plaintiff with an award of front pay, if appropriate;

e. Defendant pay Plaintiff liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable;

f. Defendant pays to Plaintiff pre- and post-judgment interests, costs of suit, and attorney fees as allowed by law; and

g. the Court award other such relief as is deemed just and proper.

## COUNT III
### *FLSA – Minimum Wage Violation*

45. Plaintiff hereby incorporates by reference the foregoing paragraphs of his Complaint as though fully set forth herein.

46. At all relevant times, Defendant was an employer subject to the requirements of the FLSA.

47. At all relevant times, Plaintiff was an employee entitled to receive payment for his work in a timely fashion.

48. While Plaintiff's rate of pay was $28.00 per hour, he did not receive any pay for his work in violation of the minimum wage requirements.

49. Plaintiff's pay became due no later than July 2020, but Plaintiff has not received it to date.

50. Defendant willfully failed to pay him for his work when his pay was due.

51. Plaintiff received less than minimum wage for work performed during the week in violation of the FLSA.

52. Plaintiffs seek all available damages, including but not limited to liquidated damages at a rate of $7.25 per hour multiplied by the number of hours, attorneys' fees and costs.

WHEREFORE, Plaintiff requests this Court to enter judgment as follows:

a. Defendant pay minimum wage for the hours worked, statutory damages, plus interest and liquidated damages;
b. any damages or other sums due;
c. restitution;
d. Defendant pay Plaintiff pre- and post-judgment interest, costs of suit, and attorney and expert witness fees as allowed by law;
e. The court award such other relief as is deemed just and proper.

## COUNT IV
### *WPCL-Violation*

53. Plaintiff incorporates by reference the allegations of the preceding paragraphs of this Complaint.

54. Defendant failed to pay Plaintiff wages pursuant to its obligations under the WPCL.

55. Specifically, Plaintiff earned wages, which Defendant are obligated to pay, which became due and payable in their entirety no later than July 2020.

56. Defendant failed to pay Plaintiff all of his wages on or before their due date.

57. Accordingly, Defendant owes Plaintiff said earned wages.

58. As result of Defendant's failure to pay wages as due, Plaintiff has suffered damages.

59. Plaintiff satisfied and completed all conditions for the payment of these wages, which he earned in June 2020.

60. Defendant has to date failed to pay Plaintiff wages as required by Pennsylvania law.

    WHEREFORE, Plaintiff requests this Court to enter judgment as follows:

a. Defendant pay earned wages, statutory damages, plus interest and liquidated damages;
b. any damages or other sums due;
c. restitution;
d. Defendant pay Plaintiff pre- and post-judgment interest,
e. costs of suit, and attorney and expert witness fees as allowed by law;
f. The court award such other relief as is deemed just and proper.

## COUNT V
### *Unjust Enrichment/Quasi-Contract*

61. Plaintiff incorporates by reference the allegations of the preceding paragraphs of this Complaint.

62. Plaintiff performed services at the request of Defendant with the expectation that he would be paid for those services.

63. Defendant has received the benefit of those services yet has not fully compensated Plaintiff for same.

   WHEREFORE, Plaintiff requests this Court to enter judgment as follows:

a. Defendant pay earned wages, including earned commissions, plus interest and liquidated damages;
b. any damages or other sums due based upon the express or implied agreement;
c. restitution;
d. Defendant pay Plaintiff pre- and post-judgment interest,
e. costs of suit, and attorney and expert witness fees as allowed by law;
f. The court award such other relief as is deemed just and proper.

V.  **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in his favor against the Defendant, and order that:

a. Defendant reinstate Plaintiff in his former employment position;

b. pay Plaintiff all lost wages, bonuses, compensation, benefits, and monetary loss suffered as a result of Defendant's unlawful actions;

    c.     compensate Plaintiff with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

    d.     Defendant compensate Plaintiff with an award of back pay;

    e.     Defendant compensate Plaintiff with an award of front pay, if appropriate;

    f.     Defendant pay Plaintiff liquidated damages, punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable;

    g.     Defendant pays to Plaintiff pre- and post-judgment interests, costs of suit, and attorney fees as allowed by law; and

    h.     the Court award other such relief as is deemed just and proper.

## VI.  JURY DEMAND

Plaintiff demands a trial by jury.

                                       **HENNESSY LAW**

                                       /s/ *Kay Hennessy Seven*

March 9, 2021                        KAY HENNESSY SEVEN, ESQUIRE
                                      I.D.: 77262
                                      BRENDAN D. HENNESSY, ESQUIRE
                                      I.D. NO.: 91831
                                      101 Lindenwood Drive, Suite 225
                                      Malvern, PA 19355
                                      Phone: 484-875-3111
                                      kay@Hennessylawfirm.com

## VERIFICATION

I, Daniel Lewis, hereby verify under penalty of perjury that the foregoing is true and correct.

Date:   3/9/2021

*Daniel J. Lewis*
ID gS6Ew2XozmrBZhdZK1MWuTQB

Daniel Lewis

## eSignature Details

**Signer ID:**       **gS6Ew2XozmrBZhdZK1MWuTQB**
Signed by:          Daniel Lewis
Sent to email:      lewisdanielj@yahoo.com
IP Address:         67.241.229.159
Signed at:          Mar 9 2021, 12:58 pm EST